# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | | |
|---|---|---|
| **LEE E. CAMPBELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action Number:** |
| **vs.** | : | 3:14-cv-75-TCB |
| | : | |
| **DEPENDABLE WASTE SERVICES,** | : | |
| **INC. and DOUGLAS MATTHEWS,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff Lee E. Campbell ("Mr. Campbell"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Dependable Waste Services, Inc. ("Dependable") and Douglas Matthews and ("Matthews") (collectively "Defendants") and shows the Court as follows:

## INTRODUCTION

1.

Mr. Campbell brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due but unpaid overtime compensation; (2) an additional like amount as liquidated damages; and (3) to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Dependable is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Mr. Campbell resides in Meriwether County, Georgia.

5.

Dependable has employed Mr. Campbell as a garbage man in and around Zebulon, Georgia from May 2011 through the present date.

6.

According to its website, Dependable is a twenty year old business that provides waste management services.

7.

During the relevant time period, two or more employees of Dependable used the following instrumentalities of commerce in the performance of its commercial purposes: U.S. Mail, interstate phone service, interstate

computer networks, interstate traveling systems and interstate banking services.

8.

During the relevant time period, two or more employees of Dependable used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: computers, paper, office furniture, office supplies, vehicles, gasoline, engine oil and cell phones.

9.

At all times material hereto, Mr. Campbell has been an "employee" of Dependable as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

10.

From on or about May 2011 until the present date, Mr. Campbell has been "engaged in commerce" as an employee of Dependable as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

Dependable is a corporation organized under the laws of the State of Georgia.

12.

At all times material hereto, Dependable has been an "employer" of Mr. Campbell as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

During 2011, Dependable had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, Dependable had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, Dependable had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2014, Dependable had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, Dependable had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, Dependable had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, Dependable had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2014, Dependable had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2011, Dependable had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2012, Dependable had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2013, Dependable had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2014, Dependable had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, Dependable has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

26.

Dependable is subject to the personal jurisdiction of this Court.

27.

Dependable may be served with process through its registered agent Douglas W. Matthews at 212 Durand Street, Woodbury, Georgia 30293.

28.

Matthews resides within Meriwether County, Georgia.

29.

At all times material hereto, Matthews exercised operational control over the work activities of Mr. Campbell.

30.

At all times material hereto, Matthews was involved in the day to day operation of Dependable in which Mr. Campbell worked.

31.

At all times material hereto, Dependable vested Matthews with supervisory authority over Mr. Campbell.

32.

At all times material hereto, Matthews exercised supervisory authority over Mr. Campbell.

6.

33.

At all times material hereto, Matthews scheduled Mr. Campbell's working hours or supervised the scheduling of Plaintiff's working hours.

34.

At all times material hereto, Matthews exercised authority and supervision over Mr. Campbell's compensation.

35.

At all times material hereto, Matthews has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

36.

Matthews is subject to the personal jurisdiction of this Court.

37.

Matthews may be served with process at 212 Durand Street, Woodbury, Georgia 30293.

38.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

39.

At all times material hereto, Dependable did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

40.

At all times material hereto, Dependable did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

7.

41.

At all times material hereto, Dependable did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

42.

At all times material hereto, Dependable did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

43.

At all times material hereto, Plaintiff regularly worked for Defendants Monday through Saturday during each work week.

44.

At all times material hereto, Defendants paid Plaintiff at a rate of $80.00 per day for all work Plaintiff performed Monday through Friday.

45.

At all times material hereto, Defendants paid Plaintiff at a rate of $80.00 per day for all work Plaintiff performed Monday through Friday regardless of the numbers of hours Plaintiff worked.

46.

At all times material hereto, Defendants paid Plaintiff at a rate of $40.00 for each Saturday Plaintiff worked.

47.

At all times material hereto, Defendants paid Plaintiff at a rate of $40.00 for each Saturday Plaintiff worked regardless of the number of hours Plaintiff worked each Saturday.

48.

At all times material hereto, Defendants never paid Plaintiff the premium required by the FLSA when he worked more than forty hours in a given workweek.

## COUNT I — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

49.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

50.

At all times material hereto, Mr. Campbell has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

51.

During his employment with Defendants, Mr. Campbell regularly worked in excess of forty (40) hours each week.

52.

Defendants failed to pay Mr. Campbell at one and one half times his regular rate for work in excess of forty (40) hours in any week from May 2011 through the present date.

53.

Defendants willfully failed to pay Mr. Campbell at one and one half times his regular rate for work in excess of forty (40) hours in any week from May 2011 through the present date.

54.

Mr. Campbell is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55.

As a result of the underpayment of overtime compensation as alleged above, Mr. Campbell is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of overtime compensation as alleged above, Mr. Campbell is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Mr. Campbell respectfully prays:

1.  That Mr. Campbell be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Mr. Campbell be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

3100 CENTENNIAL TOWER                    DELONG CALDWELL BRIDGERS
101 MARIETTA STREET                      & FITZPATRICK, LLC
ATLANTA, GEORGIA 30303
(404) 979-3171                           /s/ MICHAEL A. CALDWELL.
(404) 979-3170 (f)                       MICHAEL A. CALDWELL
michaelcaldwell@dcbflegal.com            GA. BAR NO. 102775
charlesbridgers@dcbflegal.com            / s/ CHARLES R. BRIDGERS
                                         CHARLES R. BRIDGERS
                                         GA. BAR NO. 080791
                                         COUNSEL FOR PLAINTIFF