## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| **LEE E. CAMPBELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **3:14-cv-00075-TCB** |
| **DEPENDABLE WASTE** | ) | |
| **SERVICES, INC. and DOUGLAS** | ) | |
| **MATTHEWS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT MOTION FOR COURT REVIEW AND APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW, Plaintiff Lee E. Campbell, and Defendants, Dependable Waste Services, Inc. and Douglas Matthews, and file this Joint Motion for Court Review and Approval of the Parties' Settlement Agreement and Dismissal of Case With Prejudice.

## I.      INTRODUCTION

The parties respectfully request that the Court review the terms of the Settlement Agreement (filed hereto as Exhibit 1) and grant the proposed Order approving the Settlement Agreement as per Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) and dismiss the case *with prejudice* on the

grounds fully set forth herein.

## II.   <u>MEMORANDUM OF LAW</u>

The Parties request the Court to review and approve the Settlement Agreement so that the resolution of this civil action will be in accord with the Eleventh Circuit's decision concerning compromising and/or settling of Fair Labor Standards Act claims, <u>Lynn's Food Stores v. United States</u>, 679 F.2d 1350 (11th Cir. 1982).  In <u>Lynn's Food Stores</u>, the Eleventh Circuit set forth two ways in which wage claims arising under the Fair Labor Standards Act (FLSA) may be settled or compromised by employees.  The first is through a payment through the Secretary of Labor. The second is for a private suit to be filed by employees and for the settlement to be reviewed and approved by the Court. It is the second of these procedures the parties are following in this case.

The Parties stipulate that they had a bona fide dispute.  In this regard, Plaintiff contends that he is owed unpaid overtime hours from Defendants. Defendants dispute liability for these claims, and also dispute the scope of potential overtime that could be owed.  The parties, however, are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claim asserted by Plaintiff.  The parties have been represented by counsel throughout

the negotiation of the Settlement Agreement, and Plaintiff has voluntarily released all claims against Defendants and other entities in exchange for sufficient consideration. Plaintiff is satisfied that the amount he received represents a compromise of his claims for unpaid wages pursuant to the FLSA.

The Parties first negotiated the amounts payable to the Plaintiff. The amount paid to Plaintiff as wages and liquidated damages is approximately 94% percent of the total amount Plaintiffs' counsel believes he could be awarded at trial.  After deciding on Plaintiff's portion, the Parties negotiated attorney fees and costs. The amount of attorney fees agreed upon is approximately 70% of the total amount recorded by Plaintiffs' counsel (and their staff) at rates reasonable for this District. The amount paid to the Plaintiff in this settlement was not reduced because of the attorney fees and costs.

Counsel for all parties represent that the settlement entered into by the parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter.  Counsel for the parties also represent that the continuation of this litigation would necessitate further expense necessitating additional expenditures of costs and attorney's fees.  Counsel for all parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

The Parties request that the Court retain jurisdiction until the amounts agreed

3

upon in the Settlement Agreement are paid. The Parties anticipate payment will be

made within ten business days after Court approval. Within three days after payment,

Plaintiff will file a dismissal with prejudice.

WHEREFORE, the parties respectfully request the Court approve the attached

Settlement Agreement

CONSENTED TO BY:

/s/ *Robert L. Morton*

Robert L. Morton
Georgia Bar No. 526060
Morton, Morton & Associates, LLC
PO Box 700
131 Jackson Street
Zebulon, GA 30295
T: 770.567.8534
F: 770.567.3786
E: rob@mortonattorneys.com

s/ *Mary Anne Ackourey*

Mary Anne Ackourey
Georgia Bar No. 001555
Martin B. Heller
Georgia Bar No. 360538
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948
T: 770.818.0000
F: 770.937.9960
E: mackourey@fmglaw.com
   mheller@fmglaw.com
Attorneys for Defendants

/s/ *Charles R. Bridgers*

Charles R. Bridgers
Georgia Bar No. 080791
Michael A. Caldwell
Georgia Bar No. 102775
Delong Caldwell Bridgers & Fitzpatrick
101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303-2720
T: 404.979.3150; F: 404.979.3170
E: charlesbridgers@dcbflegal.com
   michaelcaldwell@dcbflegal.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| LEE E. CAMPBELL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 3:14-cv-00075-TCB |
| DEPENDABLE WASTE | ) | |
| SERVICES, INC. and DOUGLAS | ) | |
| MATTHEWS, | ) | |
| | ) | |
|     Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **JOINT MOTION FOR COURT REVIEW AND APPROVAL** via United States Mail to the following counsel of record:

Charles R. Bridgers
Michael A. Caldwell
Delong, Caldwell, Bridgers & Fitzpatrick
101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303-2720

This 4th day of May, 2015.

                               */s/ Mary Anne Ackourey*
                               Mary Anne Ackourey
                               Georgia Bar No. 001555